United States District Court
Southern District of Texas
FILED

JUN 0 8 2004

Michael N. Milby
Clerk of Court

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF TEXAS

BROWNSVILLE DIVISION

UNITED STATES OF AMERICA

V.                              CAUSE NO: 03CR00248-001

                                CIVIL NO:  B-04-014

RENE RUIZ-RUIZ


### PRO SE MOTION TO VACATE, SET ASIDE OR CORRECT

### A SENTENCE PURSUANT TO 28 USC § 2255


TO THE HONORABLE JUDGE OF SAID COURT:

        COMES NOW, RENE RUIZ-RUIZ, hereinafter referred to as

Defendant in the above captioned and numbered cause and

respectfully moves this Honorable Court to vacate, set aside,

or correct Defendant's sentence herein and, in support thereof,

Defendant would show as follows:


I

### JURISDICTION


        Jurisdiction of the Court herein is invoked pursuant

to the provisions of 28 USC § 2255. Further, this § 2255 motion

is being timely brought forth in that the judgment of conviction,

which Defendant appealed, was affirmed by the Fifth Circuit

of Appeals order that was entered April 21, 2004.

## II

### PRO SE LITIGATION

Defendant avers that he is a pro se litigant with absolutely no background in law, thus, he respectfully requests, as per rule of construction for pro se litigation, that all his pleadings be construed liberally and held to less stringent standards than the formal pleadings of a professional lawyer. See, **Haines v. Kerner,** 404 U.S. 519, 520-21, 92 S.Ct. 594, 596, 30 L.Ed.2d 652 (1972) per curiam. See, also, **Fisher v. Texas,** 169 F.3d 295, 298 (5th Cir. 1999); **Rodriguez v. Holmes,** 963 F.2d 799, 801 (5th Cir. 1992)(citing **Richardson v. Fleming,** 651 F.2d 366, 368 (5th Cir. 1981).

## III

### PROCEDURAL HISTORY & FACTUAL BACKGROUND

On March 25, 2003, Defendant was the subject of a two-count indictment out of Southern District of Texas that charged as follows:

Ct. 1: Alien Unlawfully Found in the United States Having Been Previously Convicted of an Aggravated Felony, in violation of 8 USC §§ 1326(a) and 1326(b)(2).

Ct. 2: False Representation as a United States Citizen, in violation of 18 USC § 911.

Defendant's arrest herein stemmed from his being discovered, during questioning at the United States Boarder Patrol checkpoint located near Sarita, Texas, with a possession of a fraudulent

2.

birth certificate. Initially, Defendant falsely claimed United
States citizenship during said February 26, 2003 encounter,
but later admitted being from Mexico. The record herein would
reflect that Defendant was convicted of unlawful possession
of a controlled substance with intent to deliver in the 18th
Judicial District of Chicago on April 4, 2001. Following his
parole from a 6-year sentence therein, Defendant was deported
to Mexico on October 10, 2002. At his re-arraignment hearing
of May 19, 2003, Defendant entered his guilty plea herein.
On July 29, 2003, this Court imposed a   -month sentence and,
Defendant's appeal followed. On April 21, 2004, the order of
the Fifth Circuit, affirming Defendant's appeal, was entered.

## IV

### GROUNDS

(A)    Defendant's underlying deportation, which was executed
despite not being accorded a hearing before an immigration
judge to be admonished on the dangers and consequences of a
subsequent, unlawful reentry and the subsequent prosecution
herein, is a violation of Defendant's right under the Due Procees
Clause.

(B)    Failure of Defendant's counsel to collaterally attack
the constitutionality of said underlying deportation hearing
constitutes denial of right to a reasonable assistance of
counsel.

3.

## STANDARD OF REVIEW

Essentially, 28 USC § 2255 "provides relief for a Petitioner who can establish that (1) his sentence was imposed in violation of the Constitution of or laws of the United States, (2) the sentencing court was without jurisdiction to impose the sentence, (3) the sentence was in excess of the maximum authorized by law, or (4) the sentence is otherwise subject to collateral attack". **United States v. Seyfert,** 67 F.3d 544 (5th Cir. 1995).

A defendant may not raise an issue for the first time on collateral review without showing "cause" for his procedural default (ineffective counsel) and that "actual prejudice" occurred as a result of the error. See, **Strickland v. Washington,** 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); **United States v. Frady,** 456 U.S. 152, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982); **United States v. Pierce,** 959 F.2d 1297 (5th Cir. 1992) cert. denied, 506 U.S. 1007, 113 S.Ct. 621, 121 L.Ed.2d 554 (1992).

And, appropriate review for ineffective assistance of counsel in this case is the formula of **Strickland v. Washington,** supra, where a petitioner "must show that his counsel's performance was both deficient (i.e. that errors by counsel actually had an adverse effect on the defense)". **United States v. Seyfert,** supra (quoting **Anderson v. Collins,** 18 F.3d 1208, 1215 (5th Cir. 1994). Once this has been established, "[i]neffective assistance of counsel satisfies the cause and prejudice standard". **United States v. Patten,** 40 F.3d 774 (5th

4.

Cir. 1984)(quoting **Pierce,** 959 F.2d at 1301).

## STANDARD OF EVALUATING INEFFECTIVE COUNSEL

Based on the Sixth Amendment, a federal criminal defendant is guaranteed the fundamental right to assistance of effective counsel. **Strickland,** 466 U.S. at 2065; **Mackenna v. Ellis,** 280 F.2d 592, 599 (5th Cir. 1960), modified, 289 F.2d 928, **cert. denied,** 368 U.S. 877, 82 S.Ct. 121, L.Ed.2d 78 (1961). In the Fifth Circuit, whether a defendant received an effective assistance of counsel is a mixed question of law and fact. **Washington v. Watkins,** 655 F.2d 1346 (5th Cir. 1981), **cert. denied,** 456 U.S. 949, 102 S.Ct. 2021, 72 L.Ed.2d 474 (1982). The standard is not counsel judged ineffective by hindsight or errorless counsel, but instead is counsel reasonably likely to render, and rendering reasonably effective assistance. **United States v. Rusmisel,** 716 F.2d 301 (5th Cir. 1983). See, also, **MacKenna,** 280 F.2d at 599; **Herring v. Estelle,** 491 F.2d 125, 127 (5th Cir. 1974). The standard for attorney performance is an objective standard of reasonableness under prevailing norms. **Smith v. Puckett,** 907 F.2d 581, 584 (5th cir. 1990),**cert. denied, 498 U.S. 1033, 111 S.Ct. 694, 112 L.Ed.2d 685 (1991).**

### (A) THE STRICKLAND STANDARD:

"To establish prejudice under Strickland, a defendant must show that his attorney's errors were so serious as to render the proceedings unreliable and fundamentally unfair". **United States v. Saenz-Forero,** 27 F.3d 1016 (5th Cir. 1994)

5.

(quoting **Lockhart v. Fretwell,** 506 U.S. 354, 113 S.Ct. 838, 844, 122 L.Ed.2d 180 (1993). Additionally, the defendant "must show that there exists a reasonable probability that, but for the counsel's unprofessional errors, the result of the proceeding would have been different". **United States v. Castro,** 26 F.3d 557 (5th Cir. 1994)(quoting **Strickland,** 466 U.S. at 694, 104 S.Ct. at 2068). The record herein would clearly reflect that Defendant was the beneficiary of prejudicial, ineffectiveness of counsel, thus, satisfying the cause and prejudice standard necessary to overturn the judgment of conviction herein.

## (B) THE CRONIC STANDARD:

The Supreme Court in **United States v. Cronic,** 466 U.S. 648 (1984) "[c]reated an exception to the **Strickland** standard for ineffective assistance of counsel and acknowledged that certain circumstances are so egregiously prejudicial that ineffective assistance of counsel will be presumed". **United States v. Swanson,** 943 F.2d 1070, 1072 (9th Cir. 1991). The Court in **Cronic** held:

> The adversarial process protected by the Sixth Amendment requires that the accused have 'counsel acting in the role of an advocate'. **Anders v. california,** 386 U.S. 738, 743, 87 S.Ct. 196, L.Ed.2d 493 (1967). The right to the effective assistance of counsel is thus the right of the accused to require the prosecution's case to survive the crucible of meaningful adversarial testing. When a true adversarial criminal trial has been conducted-even if the kind of testing envisioned by the Sixth Amendment has occurred. But, if the process loses its character as a confrontation between adversaries, the constitutional guarantee is violated.

**Cronic,** 466 U.S. at 656-57 (footnote omitted).

6.

Furthermore, the Supreme court instructed, "If counsel entirely fails to subject prosecutions's case to meaningful adversarial testing, then there has been a denial of Sixth Amendment rights that makes the adversarial process itself presumptively unreliable". **Id.** at 659.

## (A) RESFUSAL TO GRANT HEARING BEFORE A NEUTRAL ARBITER FOR THE UNDERLYING DEPORTATION VIOLATES DUE PROCESS RIGHT

Defendant contends that failure of the Immigration and Naturalization Service (INS) to procure Defendant's presence for a hearing before a neutral arbiter for the underlying deportation that was the basis of the charges herein constitutes deprivation of Defendant's right under the Due Process clause.

Defendant avers that immediately after arriving in INS custody on October 9, 2002, following Defendant's parole from aforementioned state sentence, an INS representative confronted Defendant with some documents that Defendant was ordered to sign. Upon Defendant's inquiry as to the purpose of signing the same, said officer explained that the execution of said documents was meant to facilitate Defendant's immediate deportation. When Defendant protested and asserted his desire to appear before an immigration judge to petition for a bond-setting, pending a hearing, said officer resorted as follows: "Look, whether or not you co-operate in this processing, I'm gonna deport your ass tomorrow. Now, you can make things easier on you by cooperating, otherwise, I'm gonna let my superior know that you gave me a hard time. You will never get a bond or a hearing in this case, so are you still refusing to sign?".

7.

At this point, Defendant alleges that he relented, unwillingly 'cooperated' and begrudgingly signed the documents and the now visibly-gloating officer handed Defendant a set of copies and hurriedly departed. Defendant further contends that at no time did said INS agent warn Defendant not to unlawfully reenter nor admonish Defendant on the dangers and consequences of a subsequent illegal reentry. Had Defendant understood that there was a potential penalty in upward of 20 years in prison for such reentry, Defendant contends that he never would have contemplated such endeavor. Thus, Defendant submits that the denial of a hearing before an immigration judge, coupled with the concomitant omission of a warning against a future, unlawful return to the United states amounts to an abridgment of right, as guaranteed under the Due Process Clause.

## (B) FAILURE OF COUNSEL TO CHALLENGE THE CONSTITUTIONALITY OF UNDERLYING DEPORTATION CONSTITUTES INEFFECTIVE OF COUNSEL

Defendant contends that although, he advised his counsel, Honorable Hector A. Casas, on numerous occasions, that Defendant had been abruptly deported without the benefits of a hearing before a judge and a warning regarding the consequences of a subsequent, illegal reentry, and that had Defendant understood the repercussion regarding the same, he wouldn't have embarked upon returning, nonetheless, at no time did said counsel attempt to challenge the constitutionality of said underlying, deportation order. Rather, Defendant's counsel merely prodded Defendant to simply proceed and enter a guilty plea and that counsel

8.

would utilize all his resolve to ensure that Defendant's sentence would be within the proximity of 3 years. However, as it turned out herein, Defendant's sentence herein of 51 months substantially exceeds said anticipated range.

Thus, Defendant reiterates, the refusal of counsel to subject prosecution's case "to survive the crucible of a meaningful adversarial testing" herein would not suffice insofar as meeting the constitutional standard of effective assistance of counsel contemplated by the Sixth Amendment.

### PRAYER

**WHEREFORE, PREMISES CONSIDERED, RENE RUIZ-RUIZ,** Defendant herein, prays that this Honorable Court grant this motion by vacating, setting aside, or correcting Defendant's sentence herein.

Respectfully submitted,

Dated: June 3, 2004.

Rene Ruiz-Ruiz, 23146-179
RCDC II, P.O. Box 1560
Pecos, Tx. 79772

### OATH OF AFFIRMATION

I, **RENE RUIZ-RUIZ,** Defendant herein, hereby declare under penalty of perjury that the foregoing is true and correct in its entirety.

Rene Ruiz-Ruiz
9.

AO 243 (Rev. 2/95)

B-04-014

| UNITED STATES DISTRICT COURT | District SOUTHERN DISTRICT OF TEXAS | |
|---|---|---|
| Name of Movant RENE RUIZ-RUIZ | Prisoner No. 23146-179 | Case No. |
| Place of Confinement REEVES COUNTY DETENTION CENTER, PECOS, TX. 79772 | | |

UNITED STATES OF AMERICA     V.   RENE RUIZ-RUIZ

(name under which convicted)

## MOTION

1.  Name and location of court which entered the judgment of conviction under attack _____

    U.S. DIST. COURT, S. DIST., BROWNSVILLE, TEXAS

2.  Date of judgment of conviction   AUGUST 8, 2003

3.  Length of sentence   51 MONTHS

4.  Nature of offense involved (all counts)   ILLEGAL REENTRY

5.  What was your plea? (Check one)
    (a) Not guilty     ☐
    (b) Guilty     ☒
    (c) Nolo contendere     ☐

    If you entered a guilty plea to one count or indictment, and not a guilty plea to another count or indictment, give details:

    NOT APPLICABLE

6.  If you pleaded not guilty, what kind of trial did you have? (Check one)
    (a) Jury     ☐
    (b) Judge only     ☐

7.  Did you testify at the trial?
    Yes ☐     No ☐

8.  Did you appeal from the judgment of conviction?
    Yes ☐     No ☒

(2)

AO 243 (Rev. 2/95)

9.  If you did appeal, answer the following:

    (a) Name of court _____ NO APPEAL WAS TAKEN _____

    (b) Result _____

    (c) Date of result _____

10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions with respect to this judgment in any federal court?

    Yes ☐       No ☒

11. If your answer to 10 was "yes," give the following information:

    (a) (1) Name of court _____ NOT APPLICABLE _____

        (2) Nature of proceeding _____

        _____

        (3) Grounds raised _____

        _____

        _____

        _____

        _____

        (4) Did you receive an evidentiary hearing on your petition, application or motion?

        Yes ☐       No ☐

        (5) Result _____

        (6) Date of result _____

    (b) As to any second petition, application or motion give the same information:

        (1) Name of court _____

        (2) Nature of proceeding _____

        _____

        (3) Grounds raised _____

        _____

        _____

        _____

        _____

(4) Did you receive an evidentiary hearing on your petition, application or motion?
  Yes ☐          No ☐

(5) Result _____

(6) Date of result _____

(c) Did you appeal, to an appellate federal court having jurisdiction, the result of action taken on any petition, application or motion?
  (1) First petition, etc.            Yes ☐          No ☐
  (2) Second petition, etc.          Yes ☐          No ☐

(d) If you did *not* appeal from the adverse action on any petition, application or motion, explain briefly why you did not:

    NOT APPLICABLE

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

12. State *concisely* every ground on which you claim that you are being held in violation of the constitution, laws or treaties of the United States. Summarize *briefly* the *facts* supporting each ground. If necessary, you may attach pages stating additional grounds and *facts* supporting the same.

Caution:     If you fail to set forth all grounds in this motion, you may be barred from presenting additional grounds at a later date.

    For your information, the following is a list of the most frequently raised grounds for relief in these proceedings. Each statement preceded by a letter constitutes a separate ground for possible relief. You may raise any grounds which you may have other than those listed. However, you should raise in this motion all available grounds (relating to this conviction) on which you base your allegations that you are being held in custody unlawfully.

    Do not check any of these listed grounds. If you select one or more of these grounds for relief, you must allege facts. The motion will be returned to you if you merely check (a) through (j) or any one of the grounds.

(a) Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily or with understanding of the nature of the charge and the consequences of the plea.

(b) Conviction obtained by use of coerced confession.

AO 243 (Rev. 2/95)

(c) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.

(d) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.

(e) Conviction obtained by a violation of the privilege against self–incrimination.

(f) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.

(g) Conviction obtained by a violation of the protection against double jeopardy.

(h) Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impaneled.

(i) Denial of effective assistance of counsel.

(h) Denial of right of appeal.

A.    Ground one: UNDERLYING DEPORTATION VIOLATED DUE PROCESS RIGHT

Supporting FACTS (state *briefly* without citing cases or law)

(SEE ATTACHED BRIEF)

B.    Ground two: INEFFECTIVE ASSISTANCE OF COUNSEL

Supporting FACTS (state *briefly* without citing cases or law)

(SEE ATTACHED BRIEF)

C.    Ground three:

Supporting FACTS (state *briefly* without citing cases or law)

(5)

D.    Ground four: _____

Supporting FACTS (state *briefly* without citing cases or law) _____

_____

_____

_____

_____

_____

13.  If any of the grounds listed in 12 A, B, C, and D were not previously presented, state *briefly* what grounds were not so presented, and give your reasons for not presenting them: _____

        NOT APPLICABLE

_____

_____

_____

_____

14.  Do you have any petition or appeal now pending in any court as to the judgment under attack?

Yes ☐          No ☒

15.  Give the name and address, if known, of each attorney who represented you in the following stages of judgment attacked herein:

(a) At preliminary hearing ___ HON. HECTOR A. CASAA ___

                                          600 E. HARRISON ST., SUITE 102

(b) At arraignment and plea ___ BROWNSVILLE, TX. 78520-7119 ___

                SAME AS ABOVE

(c) At trial ___ SAME AS ABOVE ___

                SAME AS ABOVE

(d) At sentencing _____

_____

(6)

(e) On appeal _____ NONE WAS TAKEN _____

_____

(f) In any post–conviction proceeding _____ CURRENT PREPARED PRO SE _____

_____

(g) On appeal from any adverse ruling in a post–conviction proceeding _____

NOT APPLICABLE _____

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and a approximately the same time?

Yes ☐        No ☒

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?

Yes ☐        No ☒

(a) If so, give name and location of court which imposed sentence to be served in the future: _____

NOT APPLICABLE _____

_____

(b) Give date and length of the above sentence: _____ NOT APPLICABLE _____

_____

(c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?

Yes ☐        No ☐

Wherefore, movant prays that the Court grant petitioner relief to which he or she may be entitled in this proceeding.

XXX _____
        Signature of Attorney (if any)

I declare under penalty of perjury that the foregoing is true and correct. Executed on

JUNE 3, 2004 _____
        (Date)

XXXXX _Rev Rin_____
        Signature of Movant

(7)